UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OREOLUWATOMI AGJABE ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| I.C. SYSTEM, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Oreoluwatomi Agjabe, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Oreoluwatomi Agjabe (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Oreoluwatomi Agjabe ("Plaintiff") is an adult natural person residing at 7320 North Roger Avenue, Chicago, IL 60626.

5. Defendant, I.C. System, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Illinois with its principal place of business located at 444 Highway 96 East, Saint Paul, MN 55127 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around mid October 2009, Plaintiff began to receive calls from Defendant with regard to an alleged consumer debt, namely a medical bill owed to Saint

Francis Hospital.

9. Defendant's agents would call and hang up repeatedly and failed to state what agency they were calling from.

10. Plaintiff contacted Defendant on or about October 29, 2009.

11. Defendant's agent demanded payment in full, over $1200.00.

12. Plaintiff explained that she was unable to pay the full amount at once but asked for payment arrangements.

13. Defendant's agent stated to Plaintiff that she had gone to the hospital, used their services but was now unwilling to pay them.

14. Plaintiff disagreed and once again asked to make payments.

15. Defendant's agent asked Plaintiff when she had come to the United States.

16. Plaintiff asked Defendant's agent why that was important.

17. Defendant's agent stated, "Because your English sucks."

18. Defendant's agent proceeded to indicate that Defendant would place the account on Plaintiff's credit report and that Plaintiff would not be able to get credit again.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

Case 3:02-at-06006   Document 1351   Filed 11/11/2009   Page 5 of 6

    a.    d Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiff;

    b.    d(2) Defendant's agent used abusive language toward Plaintiff;

    c.    d(5) Defendant's agents caused Plaintiff's telephone to ring repeatedly;

    d.    d(6) Defendant's agents placed telephone calls without disclosing their identity;

    e.    e Defendant's agent used false, deceptive and misleading representations to attempt to collect the alleged debt from Plaintiff;

    f.    e(10) Defendant's agent used false representation or deceptive means to attempt to collect the alleged debt from Plaintiff;

    g.    f Defendant's agents were unfair and unconscionable in their attempt to collect the alleged debt from Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, I.C. System, Inc. and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date: November 11, 2009**   **BY: /s/Brent F. Vullings**
          Brent F. Vullings, Esquire
          Warren & Vullings, LLP
          1603 Rhawn Street
          Philadelphia, PA  19111
          215-745-9800  Fax 215-745-7880
          Attorney for Plaintiff